IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **CEDRIC DAVIS, #233423,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  Case No.: 2:07-CV-1061-WHA |
| | ) |
| **CARTER F. DAVENPORT, et al.** | ) |
| | ) |
| Defendants. | ) |

### SPECIAL REPORT AND ANSWER OF DEFENDANT SHARON MCKINNON, LPN

Comes now the Defendant identified in Plaintiff's Complaint as MH Nurse McKinnon, by and through her undersigned counsel of record, and in compliance with this Honorable Court's Order of December 6, 2007, does hereby file this Special Report and Answer in opposition to the Plaintiff's Complaint:

### SPECIAL REPORT

I.   NARRATIVE STATEMENT OF FACTS

   A.   **Summary of Complaint and Current Allegations**

On October 24, 2007, the Plaintiff filed a Complaint with this Court, alleging that the Defendants named in the above-styled action acted with negligence and violated certain constitutional rights. (See Complaint).

As directed, the Defendant has undertaken a review of Plaintiff's claims to

determine the facts and circumstances relevant thereto.[1] [2] Defendant McKinnon, as a mental health nurse, conducted a review of the Plaintiff's medical records and recalls the incidents described in Plaintiff's Complaint.

## 1. Current Allegations

In his Complaint, the Plaintiff makes a general allegation that the Defendants negligently and wantonly allowed the Plaintiff to be placed in an unsafe environment so that he could be injured, i.e. obtaining a razor while on suicide watch. Specifically, the Plaintiff alleges that the Defendants owed him a duty of care and that duty was breached. Plaintiff further alleges that the Defendants negligence was cruel and unusual and the Defendants acted maliciously, sadistically, wantonly and without care to cause harm to the Plaintiff.

## 2. Allegations Applicable to Defendant McKinnon

In Plaintiff's alleged supporting facts, Plaintiff's sole allegation directly made against Defendant McKinnon is that she stood by laughing and making jokes while the Plaintiff attempted suicide. The remaining allegations of the Complaint are general in nature and it is difficult to determine any other allegations against this Defendant.

## 3. Allegations Inapplicable to Defendant McKinnon

---

[1] The Defendant hereby submits her affidavit as Exhibit "A."

[2] In an effort to avoid duplication, the Defendant hereby adopts and incorporates by reference Exhibit "B" to the Special Report and Answer of Jameka Caffie for the relevant portions of Mr. Davis's mental health records.

Though the Plaintiff groups all of the named defendants together throughout many allegations of the Complaint, it should be noted, from the outset, that Defendant McKinnon is not responsible for actions taken by ADOC's officers and/or other personnel.

## II.   DISCUSSION

### A.   Heightened Pleading Requirement

In an effort to defeat baseless claims at the earliest possible opportunity, the Eleventh Circuit requires that a Plaintiff in a civil action allege with necessary specificity facts which demonstrate a claim.  *GJR Inv., Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1367 (11th Cir. 1998). The purpose of this requirement is to allow a defendant to file an appropriate responsive pleading. *Anderson v. Dist. Bd. of Tr. of Cent. Fla. Cmty. Coll.*, 777 F.3d 364, 366 (11th Cir. 1996).  In the instant action, the Plaintiff has failed to satisfy this heightened pleading requirement with respect to Defendant McKinnon.  His sole allegation directly relating to this Defendant is that she laughed and made jokes while he was attempting suicide.  While this allegation is highly disputed, it does not rise to the heightened level required and therefore due to be dismissed.

### B.   Plaintiff Fails to Satisfy His Burden of Establishing the Eighth Amendment Standard that the Defendant Acted With "Deliberate Indifference."

It is unquestioned that "[c]onfinement in a prison...is a form of punishment subject to scrutiny under the Eighth Amendment standards" *Rhodes v. Chapman*, 452 U.S. 337,

345 (1981) (quoting *Hutto v. Finney*, 437 U.S. 678, 685 (1978)); *see also Farmer v. Brennan*, 511 U.S. 825, 832 (1994); *Whitley v. Albers*, 475 U.S. 312, 327 (1986), and a violation of such standards may be actionable under 42 U.S.C. § 1983.

On numerous occasions, courts have attempted to clearly define the requirements for asserting and succeeding upon an Eighth Amendment violation claim under § 1983. In *Estelle v. Gamble*, the United States Supreme Court held that an Eighth Amendment claim exists only when a prison official engages in the "unnecessary and wanton infliction of pain." 429 U.S. 97, 105 (1976); *see also Wilson v. Seiter*, 501U.S. 294 (1991).  In the context of general prison conditions, this phrase has been interpreted to mean that prison officials must not act with "deliberate indifference." *See Farmer*, 511 U.S. at 387 (stating that deliberate indifference exists when "the official knows of and disregards an excessive risk to inmate health or safety...").

In order for a deliberate indifference claim to prevail, Plaintiff must prove both the "objective" and "subjective" components of the Eighth Amendment standard. Specifically, Plaintiff must allege and prove that he suffered from a serious medical need, that Defendant McKinnon was deliberately indifferent to his needs, and that he suffered harm due to this deliberate indifference. *See Marsh v. Butler County*, 225 F.3d 1243, 1255 (11th Cir. 2000); *Palermo v. Corr. Med. Serv.*, 133 F. Supp. 2d 1348 (S.D. Fla. 2001).  It is well-established in the Eleventh Circuit that a serious medical need is a "condition that has been diagnosed by a physician as mandating treatment or one that is

so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003) (citing *Hill v. DeKalb Reg'l Youth Det. Ctr.*, 40 F.3d 1176, 1187 (11th Cir. 1994)).  The burden falls upon Plaintiff to allege and prove the existence of such a condition.  *See e.g. Hamm v. DeKalb County*, 774 F.2d 1567 (11th Cir. 1985).

Plaintiff has the additional burden of proving deliberate indifference; that is, it is required of Plaintiff to establish that Defendant McKinnon acted with "conscious or callous indifference." *See Daniels v. Williams*, 474 U.S. 327 (1986); *Brown v. Hughes*, 894 F.2d 1533, 1537-38 (11th Cir. 1990).  As such, Plaintiff's §1983 claim cannot survive summary judgment unless he produces evidence "of [the Defendant's] subjective awareness" of the alleged medical condition and an "intentional refusal to provide...care." *Campbell v. Sikes*, 169 F.3d 1353, 1364 (11th Cir. 1999). Thus, Defendant McKinnon may only be liable if he had knowledge of Plaintiff's medical condition, acted intentionally or recklessly to deny and/or delay access to his care, or to interfere with treatment once prescribed.  *See Estelle,* 429 U.S. at 104-105; *Hill,* 40 F.3d at 1191.

Plaintiff has not, and cannot, meet this burden.  In the instant action, the records and affidavit testimony clearly indicate that, during the time period referenced in the Complaint, the Plaintiff's suicidal threats and attempts were addressed promptly, professionally, and in accordance with the applicable standard of care.  The Plaintiff was placed in the safe cell on October 2, 2007, and was monitored every 15 minutes while in

the cell. This monitoring is confirmed by the log sheets contained in the Plaintiff's records. On October 3, 2007, the Plaintiff attempted suicide by using a thread torn from his black mat. There is no evidence that this thread was sufficient for the Plaintiff to cause harm to himself. To the contrary, when the Plaintiff made the suicide attempt, the thread broke immediately.

Following this incident, the medical records clearly reflect that the Plaintiff received prompt and professional mental health care. The Plaintiff was continued on suicide watch after the attempt and only removed from his safe cell when he began destroying his shroud and mat. Though placed in a separation cell, the Plaintiff was still monitored by mental health personnel.

The Plaintiff also alleges that the Defendants negligence somehow permitted him to obtain a razor that he used to cut his wrist, however the Plaintiff does not state how or when he obtained this alleged razor. Without knowing and proving how this razor was obtained, it is impossible to find that any alleged negligence on the part of Defendant McKinnon was the proximate cause of the Plaintiff obtaining that razor.

Finally, it is important to note that the Plaintiff alleges that he was not properly supervised while on suicide watch, however the fact that he is alive is a testament to the efforts of the suicide watch personnel. The Plaintiff did not have available any instrument by which he could cause harm to himself sufficient to result in death. Throughout all of the events alleged in the Complaint, the Plaintiff never even incurred a

substantial injury. This in and of itself is evidence that Defendant McKinnon, as well as the rest of the mental health personnel, were not negligent.

In conclusion, the evidence submitted with this Special Report clearly shows that Defendant McKinnon never intentionally or recklessly acted to deny or delay medical care, or to interfere with any treatment which was prescribed or directed. To the contrary, the Plaintiff was protected from himself and provided professional treatment that did not fall below the standard of care. As such, the Defendant contends that Plaintiff's allegations are frivolous, malicious, and fail to state a claim upon which relief can be granted, thereby warranting dismissal.

### C. Defendant McKinnon is Entitled to Qualified Immunity From All Claims Asserted by the Plaintiff.

The Defendant is entitled to qualified immunity from all claims asserted by Plaintiff in this action. If Plaintiff was able to show, which he has not, that the Defendants were acting in their discretionary authority, the burden then shifts to Plaintiff to show that the Defendant violated clearly established law based on objective standards. *See Eubanks v. Gerwin*, 40 F.3d 1157, 1160 (11th Cir. 1994). Plaintiff must allege that the Defendant violated a right clearly established in a fact-specific, particularized sense. *Edwards v. Gilbert*, 867 F.2d 1271, 1273 (11th Cir. 1989), *aff'd in pertinent part, rev'd in part on other grounds, sub nom., Edwards v. Okaloosa County*, 5 F.3d 1431 (11th Cir. 1989).

The Eleventh Circuit further requires that the inquiry be fact specific, and that

officials will be immune from suit if the law with respect to their actions was unclear at the time the cause of action arose, or if a reasonable person could have believed that their actions were lawful in light of clearly established law and information possessed by the individual. *Vonstein v. Brescher*, 904 F.2d 572, 579 (11th Cir. 1990) (quoting *Anderson v. Creighton*, 483 U.S. 635, 640 (1989)). In *Lassiter v. Alabama A&M University*, the Eleventh Circuit held that in order for qualified immunity to be defeated, preexisting law must "dictate, that is, truly compel (not just suggest or allow or raise a question about), the conclusion for every like-situated, reasonable government agent that what the defendant is doing violates federal law in the circumstances." 28 F.3d 1146, 1151 (11th Cir. 1994).

The Defendant submits that there is no case law from the United States Supreme Court, the Eleventh Circuit Court of Appeals, or a District Court sitting within the Eleventh Circuit showing that, under the facts of this case, or lack thereof, it was clearly established that the alleged actions violated Plaintiff's constitutional rights. While there is jurisprudence involving successful suicide attempts by inmates, the cases in which immunity was denied are far different from the instant case. *See Hollingsworth v. Edgar*, Case No. 2:04-CV-935-WKW (M.D. Ala. 2006) (qualified immunity was denied for certain defendants who knew or should have reasonably known about plaintiff's suicidal nature and completely ignored and did nothing to protect the plaintiff from himself.). In the instant case, the Plaintiff's suicide threats were taken seriously and he was

immediately placed into a safe cell. He was observed every 15 minutes, consulted daily by mental health professionals and provided appropriate mental health care.

Additionally, around the time the Plaintiff alleges to have attempted to cut his wrist with a razor, he had reported that he doing better and not having suicidal thoughts. Despite these positive reports, the Plaintiff remained on suicide watch and was monitored. As such, there is no grounds for denying the Defendant qualified immunity on all claims alleged by the Plaintiff.

### D. Plaintiff's Claims Are Barred by the Prison Litigation Reform Act ("PLRA") Because He Failed To Show The Existence of a "Physical Injury."

The PLRA states that "[n]o Federal civil action may be brought by a prisoner confined in jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e) (2005). Plaintiff's Complaint states that he cut himself with a razor. Therefore, the only physical injury in Plaintiff's Complaint is injury that he admittedly inflicted upon himself. Clearly, this is insufficient to satisfy the Plaintiff's burden. To permit such an injury to satisfy the "physical injury" requirement set forth in the PLRA would allow Plaintiffs to undermine the PLRA by simply inflicting harm upon themselves. Furthermore, in the instant action, this argument is strengthened by the fact that the cut on the Plaintiff's wrist is described as a "superficial laceration". As such, Plaintiff's claims are due to be dismissed.

E.  **Plaintiff's Claims Are Barred by the PLRA Because the Plaintiff has Failed to Establish that He Exhausted His Administrative Remedies.**

The PLRA states that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997(e)(a) (2005).

There are well-established grievance procedures for any inmate who wishes to voice a complaint regarding any medical treatment he has sought or received during his incarceration at the facilities. In his Complaint, Plaintiff never states that he filed formal grievances against this Defendant or any other of the named Defendants and has failed to produce any evidence that he attempted such procedures. As such, Plaintiff did not exhaust his administrative remedies as is required under the PLRA and his claims are therefore due to be dismissed.

### III. CONCLUSION

The Plaintiff's Complaint is due to be dismissed on its face and is further disproved by the evidence now before the Court. Accordingly, the Defendant request that this Honorable Court either dismiss Plaintiff's Complaint, with or without prejudice, or, in the alternative, enter a judgment in their favor.

### ANSWER

COMES NOW, Defendant Sharon McKinnon ("Defendant") and for her Answer to the Complaint filed by Plaintiff Cedric Davis, ("Plaintiff"), states as follows:

## FACTUAL ALLEGATIONS

1. Defendant admits Plaintiff filed this lawsuit alleging that his rights under the 8th Amendment to the United States Constitution have been violated. Defendant denies that any such rights have been violated and demands strict proof thereof.

2. Defendant is without sufficient information to admit or deny that the Plaintiff has never filed a prior lawsuit relating to his imprisonment. Therefore, said claim is denied and the Defendant demands strict proof thereof.

3. Defendant admits that she was working at the Easterling Correctional Facility in Clio, Alabama, on October 3, 2007, and admits that on October 3, 2007, the Plaintiff attempted suicide with a string while in a suicide watch cell. The Defendant denies the remaining allegations concerning this suicide attempt and demands strict proof thereof.

4. Defendant denies the remaining allegations contained in page 1 and demands strict proof thereof.

5. Defendant denies the remaining allegations contained in Pages 2 through 3 and demands strict proof thereof.

## PRAYER FOR RELIEF

6. Defendant denies each and every prayer for relief set forth in Plaintiff's Complaint. Likewise, Defendant states that Plaintiff is not entitled to any of the requested relief. To the extent the Complaint makes any allegations of material fact, Defendant denies such allegations and demands strict proof thereof.

## DEFENSES

### First Defense

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### Second Defense

Plaintiff's claims are barred by the statute of limitations.

### Third Defense

Plaintiff's claims are barred by the doctrine of contributory negligence and/or last clear chance.

### Fourth Defense

Plaintiff's claims are barred by the doctrine of assumption of risk.

### Fifth Defense

Plaintiff's actions are barred by the doctrine of waiver.

### Sixth Defense

Plaintiff's claims are barred by the doctrine of laches.

### Seventh Defense

Defendant avers that the wrongs and damages alleged by Plaintiff were caused solely by the acts and/or omissions of persons and/or entities for whom Defendant is not responsible.

### Eighth Defense

Plaintiff's claims are barred by the doctrine of qualified immunity.

### Ninth Defense

Plaintiff's claims are barred by the doctrine of sovereign immunity.

### Tenth Defense

Plaintiff's claims are barred by the doctrine of unclean hands.

### Eleventh Defense

This Court lacks subject matter jurisdiction over this dispute.

**Twelfth Defense**

This Court is the improper venue in which to assert this action.

**Thirteenth Defense**

Plaintiff lacks standing to bring this action.

**Fourteenth Defense**

Plaintiff's claims are barred by the doctrine of estoppel.

**Fifteenth Defense**

Plaintiff's claims are barred by the doctrine of *res judicata* and/or collateral estoppel.

**Sixteenth Defense**

Plaintiff's claims are barred, in whole or in part, because of his failure to mitigate damages.

**Seventeenth Defense**

Plaintiff's claims are barred because of the lack of damages suffered due to any of the alleged wrongs asserted against Defendant.

**Eighteenth Defense**

Plaintiff's claims are barred because Defendant did not breach any duty Defendant allegedly owed to Plaintiff.

**Nineteenth Defense**

Plaintiff's claims are barred because there is no causal relationship, legal or proximate, between Defendant's actions and/or inactions and Plaintiff's alleged injuries and damages.

**Twentieth Defense**

Plaintiff's claims are barred because of the existence of superceding, intervening causes.

**Twenty-First Defense**

Plaintiff has failed to exhaust administrative remedies. 42 U.S.C. § 1997e(a) (2005).

**Twenty-Second Defense**

Plaintiff's claims are barred because the action asserted is "frivolous, malicious, and fails to state a claim upon which relief can be granted." 42 U.S.C. § 1997e(c)(1) (2005).

**Twenty-Third Defense**

Plaintiff's claims are barred because no personal, physical injury has been alleged and/or suffered by Plaintiff. 42 U.S.C. § 1997e(e) (2005).

**Twenty-Fourth Defense**

Plaintiff's claims are barred because the injunctive relief sought is not sufficiently narrowly drawn. 18 U.S.C. § 3626(a)(1)(A) (2005).

**Twenty-Fifth Defense**

Plaintiff's claims are barred because Defendant did not act with deliberate indifference. *See Estelle v. Gamble*, 429 U.S. 97 (1976).

**Twenty-Sixth Defense**

Plaintiff's claims are barred because he has failed to comply with the heightened specificity requirements of Rule 8 in § 1983 cases against persons sued in their individual capacities. *See Oladeinde v. City of Birmingham*, 963 F.2d 1481, 1485 (11th Cir. 1992); *Arnold v. Bd. of Educ. of Escambia County*, 880 F.2d 305, 309 (11th Cir. 1989).

**Twenty-Seventh Defense**

Plaintiff's claims are barred because he is seeking to question a medical judgment via injunctive relief.

**Twenty-Eighth Defense**

To the extent Plaintiff seeks to recover attorney's fees, Defendant objects to any and all such requests for fees that are not asserted in the Complaint or otherwise approved by court order.

### Twenty-Ninth Defense

Plaintiff's claims for punitive damages violate Defendant's United States and Alabama constitutional protections from, including without limitation, excessive fines, cruel and unusual punishment, denial of due process and denial of equal protection of the law.

### Thirtieth Defense

Defendant reserves the right to assert other defenses as discovery proceeds.

Respectfully submitted on this the 15th day of January, 2008.

*s/Nicholas P. Hebert*
Nicholas P. Hebert - ASB-2631-038H
Attorney for Defendant Sharon McKinnon, LPN
SCOTT, SULLIVAN, STREETMAN & FOX, P.C.
2450 Valleydale Road
Birmingham, AL 35244
Telephone: (205) 967-9675
Facsimile: (205) 967-7563
E-mail: hebert@sssandf.com

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **CEDRIC DAVIS, #233423,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.: 2:07-CV-1061-WHA |
| | ) |
| **CARTER F. DAVENPORT, et al.** | ) |
| | ) |
| Defendants. | ) |

## CERTIFICATE OF SERVICE

This is to certify that on January 15, 2008, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to counsel who are CM/ECF participants, and I hereby certify that I have mailed by United States Postal Service the document to non-CM/ECF participants.

Respectfully submitted,

*s/Nicholas P. Hebert*

_____
Nicholas P. Hebert - ASB-2631-038H
Attorneys for Defendant Sharon McKinnon, LPN
SCOTT, SULLIVAN, STREETMAN & FOX, P.C.
2450 Valleydale Road
Birmingham, AL 35244
Telephone: (205) 967-9675
Facsimile: (205) 967-7563
E-mail: hebert@sssandf.com

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

CEDRIC DAVIS, #233423,           )
                                 )
    Plaintiff,                   )
                                 )
v.                               )   Case No.: 2:07-CV-1061-WHA
                                 )
CARTER F. DAVENPORT, et al.      )
                                 )
    Defendants.                  )

## AFFIDAVIT OF SHARON MCKINNON

COMES NOW, the Defendant Sharon McKinnon and pursuant to this Court's Order requiring the Defendant to provide an affidavit in support of her Special Report and Answer, submits the following affidavit:

1. I am Sharon McKinnon and I am over the age of nineteen years and have personal knowledge of the facts contained in this affidavit.

2. I am a Licensed Practical Nurse presently employed as a Mental Health Nurse at Easterling Correctional Facility in Clio, Alabama. I have reviewed Inmate Davis's medical file and recall the treatment described in his Complaint.

3. On October 2, 2007, Inmate Cedric Davis voiced suicidal ideations after receiving a disciplinary for indecent behavior directed towards me. Based upon those ideations, Inmate Davis was placed in a safe cell in accordance with the psychiatrist's orders. As per the orders, Inmate Davis was placed in the safe cell with a suicide shroud and black mat. Part of being on suicide watch was that Inmate Davis was to be observed every 15

minutes. During the time period addressed in the Complaint, this policy was adhered to and documented.

4. At 8:07am on October 3, 2007, Mental Health Services conducted an evaluation of Inmate Davis in his safe cell. At that time, Inmate Davis stated that he was okay, but still felt suicidal. At that time, he had clear speech and was coherent.

5. At 2:00pm on October 3, 2007, Dr. Ferrell had a consultation with Inmate Davis and ordered that he be continued on suicide watch. In accordance with those orders, Inmate Davis remained in his safe cell on suicide watch.

6. At approximately 4:00pm, Officer Foster summoned me and I witnessed Inmate Davis in the safe cell standing on his toilet with a thin string he had torn from his black mat placed around his neck. Inmate Davis jumped off and the string broke.

7. Inmate Davis was removed from the safe cell by Officer Foster and Sergeant Wright and brought to me to be further evaluated. Part of this evaluation included a complete body chart for Inmate Davis to determine if he was physically injured by the attempt. I completed the body chart of Inmate Davis, however he did not speak during the entire evaluation. Inmate Davis was seen by Dr. Ferrell at that time and ordered to be returned to the safe cell and suicide watch. Per these orders, Inmate Davis was returned to his safe cell and placed on suicide watch.

8. Upon his return to the safe cell, Inmate Davis was angry, upset, and tore his safe smock into two pieces. Because of his destruction in the safe cell, Inmate Davis was placed on suicide watch in a stripped cell.

9. On October 4, 2007, Inmate Davis was evaluated by Mental Health personnel and at that time stated that he was no longer suicidal. Inmate Davis was continued on suicide watch. On October 5, 2007, Mental Health personnel followed-up with Inmate Davis and he reported that he was doing good and was no longer suicidal.

10. On October 8, 2007, Inmate Davis was again evaluated by Mental Health personnel in his safe cell. It was observed that he had superficial lacerations to his left wrist.

11. At no time during Inmate Davis' treatment with the Mental Health staff did any mental health professional, including myself, taunt at, laugh at, or belittle him in any manner. The mental health professionals were present in an effort to observe, treat and console Inmate Davis during this time. The entire mental health staff acted in a professional manner and did not breach any standard of care in their treatment of Inmate Davis.

Further Affiant saith not.

_Sharon McKinnon LPN_
Sharon McKinnon

STATE OF ALABAMA )
_Barbour_ COUNTY )

Sworn to and subscribed before me this the _15th_ day of _January_, 2008.

_Charlotte Wilson_
NOTARY PUBLIC
My Commission Expires: My Commission Expires Jan. 24, 2009